### LEE v. CITY OF NEW YORK.

(District Court, E. D. New York. March 25, 1921.)

Salvage ⬡10—Tug awarded salvage for service in preventing spread of fire.

A tug *held* entitled to a salvage award in a small amount from the city for service in preventing the spread of fire by removing from a crowded slip a boat which lay next to a burning rubbish scow; such award not including the service rendered to the moved boat, which was otherwise compensated.

In Admiralty. Suit by Henry Lee against the City of New York. Decree for libelant.

Foley & Martin, of New York City, for libelant.

John P. O'Brien, Corp. Counsel, of New York City, for respondent.

CHATFIELD, District Judge. The issues in this case are somewhat different from the usual salvage action. The fire occurred on a refuse scow in a crowded slip. The Lee was the first boat to arrive, and, in order to get to the fire, was compelled to remove the Lehigh Valley boat 221, which apparently was also in imminent danger. The witnesses agree that the blaze at that time was considerable in extent. Subsequent events prove that the danger was then as great to the surrounding objects as to the rubbish scow. In fact, the fire department

subsequently pulled the rubbish scow out, because of danger to its surroundings, as well as to get at the fire conveniently. The fire department fought the fire for three hours, and poured on a tremendous quantity of water, but apparently the total damage was to the rubbish. So that from the standpoint of the property saved, namely, a quantity of rubbish, which was of less value when it had to be moved than when it was burned up, this is not the usual salvage service.

The Lee has been compensated for removing the Lehigh Valley from a situation where there must have been some immediate danger. As soon as the Lehigh Valley was out of the way, immediate danger was apparently greatly decreased by the presence of the Lee for the short time before the fire department arrived. It is plain, therefore, that we must separate the amount of work which the fire department expended in saving the rubbish and preventing a dangerous or troublesome conflagration from the services which were rendered by the Lee in preventing at the outset a fire which would have quickly spread to something else than rubbish.

It appears that the Lee did not pass out of the slip as rapidly as the fire department goes to a fire. Promptness cannot be taken as in any way derogatory to the fire department, and the impetuous and beneficial way the fire department goes directly at a fire probably was the reason why the Willett, the 221, and the Lee all tried to occupy one space at the same time. But, assuming that the Lee did not get out of the way fast enough, and that the Willett in its eagerness to get directly at the fire did not appreciate the difficulty in hurdling a scow with a fireboat, the resultant dispute enters very little into the question as to whether the Lee is entitled to compensation for preventing the spread of the conflagration at the outset.

Taking into account the compensation to the Lee for the services rendered to the Lehigh Valley, the fact that there was no property directly under process of salvage by putting out of the fire in the rubbish, and that the work of the Lee was confined to beating down in its early stages a blaze which might have been communicated to other structures, I think that the services of the Lee did constitute salvage, and that some award should be granted, but not great in amount. With no danger to the Lee apparent, and with the fire department so close at hand, $150 would be a sufficient award.

Decree accordingly.